UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

| | | |
|---|---|---|
| MARY ROSS | ) | *Filed Electronically* |
| PLAINTIFF, | ) ) ) | |
| | ) | CASE NO. 4:20-CV-210-JHM |
| VS. | ) ) ) | |
| MCKENZIE WILSON and NATIONWIDE MUTUAL INSURANCE COMPANY | ) ) ) ) ) | |
| DEFENDANTS | ) ) | |

## ANSWER TO COMPLAINT

Comes the Defendant, Nationwide Mutual Insurance Company, by counsel, for its Answer to Plaintiff's Complaint, hereby states as follows:

**PARTIES AND JURISDICTION**

1. This Defendant admits the averments contained within Paragraph 1 of the Plaintiff's Complaint.

2. This Defendant admits the averments contained within Paragraph 2 of the Plaintiff's Complaint.

3. Paragraph 3 of Plaintiff's Complaint calls for a legal conclusion for which no responsive pleading is required. However, to the extent a responsive pleading is required, this Defendant denies the averments contained within Paragraph 3 of the Plaintiff's Complaint.

4. Paragraph 4 of Plaintiff's Complaint calls for a legal conclusion for which no responsive pleading is required. However, to the extent a responsive pleading is required, this Defendant denies the averments contained within Paragraph 4 of the Plaintiff's Complaint.

## COUNT I – NEGLIGENCE (DEFENDANT DENTON)

5. In response to Paragraph 5 of the Plaintiff's Complaint, this Defendant realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Answer as though set forth herein.

6. This Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 6 of the Plaintiff's Complaint, and, therefore, denies same.

7. This Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 7 of the Plaintiff's Complaint, and, therefore, denies same.

8. Paragraph 8 of Plaintiff's Complaint calls for a legal conclusion for which no responsive pleading is required. However, to the extent a responsive pleading is required, this Defendant denies the averments contained within Paragraph 8 of the Plaintiff's Complaint.

9. This Defendant denies the averments contained within Paragraph 9 of the Plaintiff's Complaint.

10. This Defendant denies the averments contained within Paragraph 10 of the Plaintiff's Complaint.

## COUNT II – UNDERINSURED MOTORIST CLAIM (DEFENDANT NATIONWIDE)

11. In response to Paragraph 11 of the Plaintiff's Complaint, this Defendant realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Answer as though set forth herein.

12. In response to Paragraph 12 of the Plaintiff's Complaint, this Defendant states that the identified insurance policy speaks for itself. Any averments contained within Paragraph 12 of the Plaintiff's Complaint that are inconsistent with the terms and conditions of the identified policy are denied.

13. This Defendant denies the averments contained within Paragraph 13 of the Plaintiff's Complaint.

14. This Defendant denies the averments contained within Paragraph 14 of the Plaintiff's Complaint.

15. This Defendant denies the averments contained within Paragraph 15 of the Plaintiff's Complaint.

16. In response to Paragraph 16 of the Plaintiff's Complaint, this Defendant states that the identified insurance policy speaks for itself. Any averments contained within Paragraph 16 of the Plaintiff's Complaint that are inconsistent with the terms and conditions of the identified policy are denied.

17. This Defendant denies the averments contained within Paragraph 17 of the Plaintiff's Complaint.

18. Each and every averment contained within the Plaintiff's Complaint that is not specifically admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiff's Complaint fails to state a claim for which relief may be granted.

### SECOND DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiff's Complaint fails to name and join in this action all real parties in interest and/or all indispensable necessary and proper parties.

### THIRD DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiff's Complaint is barred by the provisions of the Tort Reform Act, as contained in Chapter 411 of the Kentucky Revised Statutes.

### FOURTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that Plaintiff's Complaint is barred by the provisions of the Kentucky Motor Vehicle Reparation Act, as contained in Subtitle 39 of Chapter 304 of the Kentucky Revised Statutes.

### FIFTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that the damages alleged in Plaintiff's Complaint, if any, were the direct and proximate result of the sole and/or comparative negligence of the Plaintiff, and/or persons or entities not presently parties to this lawsuit.

**SIXTH DEFENSE**

As an affirmative defense, this Defendant specifically pleads that the damages alleged in Plaintiff's Complaint, if any, were avoidable consequences, since Plaintiff failed to mitigate or reduce her alleged damages, if any.

**SEVENTH DEFENSE**

As an affirmative defense, this Defendant specifically pleads that Plaintiff has waived her right to assert a claim against it and is, therefore, estopped to do so in this lawsuit.

**EIGHTH DEFENSE**

As an affirmative defense, this Defendant specifically pleads that Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations or the equitable doctrine of laches.

**NINTH DEFENSE**

As an affirmative defense, this Defendant pleads that the injuries and damages alleged in Plaintiff's Complaint, if any, were the direct and proximate result of superseding and/or intervening causes over which the Defendant had no responsibility or control.

**TENTH DEFENSE**

As an affirmative defense, this Defendant states that Plaintiff's Complaint is barred due to insufficiency of service of process and lack of jurisdiction over the entity.

**ELEVENTH DEFENSE**

As an affirmative defense, this Defendant specifically pleads the terms and conditions of the policy of insurance that is the subject of Plaintiff's action against this Defendant.

**TWELFTH DEFENSE**

As an affirmative defense, this Defendant specifically pleads the doctrine of accord and satisfaction, and the terms of any release or settlement and/or contractual agreement, entered into by any parties to this action, including any and all contractual agreements of any kind or nature whatsoever that purport to release any claim or claims made against this Defendant, regardless of when said agreement is finalized and/or executed, including any and all such agreements that may be executed in favor of this Defendant by any party, at any time, past, present, or in the future.

**THIRTEENTH DEFENSE**

This Defendant adopts and incorporates by reference each and every affirmative defense filed by any other Defendant in this matter as they may be applicable to this Complaint.

**FOURTEENTH DEFENSE**

As an affirmative defense, this Defendant asserts that, at the time of the subject accident, Defendant McKenzie Wilson may have experienced a sudden emergency.

**FIFTEENTH DEFENSE**

This Defendant reserves the right to amend this Answer or to assert any additional defenses that become known and available to it.

**CROSS-CLAIM AGAINST DEFENDANT, MCKENZIE WILSON**

This Defendant, Nationwide Mutual Insurance Company, by counsel, and for its Cross-Claim against Defendant, McKenzie Wilson, states as follows:

1. The Plaintiff, Mary Ross, has sued the Defendant, McKenzie Wilson, for allegedly breaching a duty owed to her, and causing an automobile accident on or about December 5, 2018, in which the Plaintiff allegedly sustained injuries and damages.

2. The Plaintiff, Mary Ross, has sued this Defendant, Nationwide Mutual Insurance Company, alleging she is entitled to recover Underinsured Motorist Benefits from Nationwide Mutual Insurance Company for the above-described accident.

3. If Nationwide Mutual Insurance Company pays Underinsured Motorist Benefits to Plaintiff, Mary Ross, Nationwide Mutual Insurance Company will be subrogated to the rights of Plaintiff, Mary Ross, and will be entitled to recover all benefits it pays to the Plaintiff, Mary Ross, from the Defendant, McKenzie Wilson.

WHEREFORE, Defendant prays the Court as follows:

1. That Plaintiff's Complaint filed against it in this action be dismissed with prejudice and stricken from the docket;

2. If the Court does not dismiss the Plaintiff's Complaint against this Defendant, that judgment be entered in its favor on its Cross-Claim against the Defendant, McKenzie Wilson;

3. That this Defendant be awarded its costs herein expended, including reasonable attorneys' fees (if applicable);

4. For a trial of this cause by jury; and,

5. For any and all other just and proper relief to which defendant may appear entitled.

Respectfully submitted,

WALTERS RICHARDSON, PLLC

*/s/ Joshua J. Leckrone*

Joshua J. Leckrone
Ryan M. Glass
920 Lily Creek Road, Suite 102
Louisville, Kentucky 40243
Telephone: (502) 785-9090
Facsimile: (502) 742-0326
Email: Josh@WaltersRichardson.com
Rglass@WaltersRichardson.com
COUNSEL FOR DEFENDANT,
NATIONWIDE MUTUAL INSURANCE
COMPANY

## **CERTIFICATE OF SERVICE**

On December 28, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. This is to certify that the foregoing has been served by mailing a true and accurate copy to the following:

Chad E. Groves
312 First Street
Henderson, KY 42420
*Co-Counsel for Plaintiff*

Rick A. Cory
1 S.E. 9th Street, Suite 101
Evansville, IN 47708
*Co-Counsel for Plaintiff*

McKenzie Wilson
7310 Peters Road
Reed, KY 42452
*Defendant*

 */s/ Joshua J. Leckrone*

COUNSEL FOR DEFENDANT,
NATIONWIDE MUTUAL INSURANCE
COMPANY